UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| KEISHA M. LAPOINT, on Behalf of Herself and on Behalf of All Others Similarly Situated, | § § § § | |
| Plaintiff, | § § | CIVIL ACTION NO. 1:22-cv-00101 |
| V. | § § | JURY TRIAL DEMANDED |
| WESTERN CARE, INC. D/B/A AMADA SENIOR CARE AUSTIN, | § § § | |
| Defendant. | § § § | |

**PLAINTIFF'S ORIGINAL COLLECTIVE ACTION COMPLAINT**

**SUMMARY**

1. Defendant, Western Care, Inc. d/b/a Amada Senior Care Austin (referred to hereinafter as "Defendant"), failed to pay Plaintiff and its other domestic care workers (a/k/a "Caregivers") overtime wages at the correct hourly rate when they work more than forty (40) hours in a workweek as required by the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*. Specifically, Defendant paid Plaintiff and its Caregivers for all hours worked including hours worked over forty in a workweek, but failed to include "bonus" payments in the calculation of its overtime rate. As a result, Defendant violates the overtime wage provisions of the FLSA.

2. Defendant also failed to pay Plaintiff and its other Caregivers for *all* hours worked. Specifically, Defendant failed to pay Plaintiff and its other Caregivers for the time spent driving between clients' homes, picking up supplies, travelling to and from the office to submit required forms and paperwork, and other company required duties as required by the Fair Labor Standards Act

("FLSA"), 29 U.S.C. § 201 *et seq*. As a result, Defendant violates the minimum and overtime wage provisions of the FLSA.

3. Plaintiff and the similarly situated workers she seeks to represent, are current and former hourly paid Caregivers who worked for Defendant for any work week during the period of three years prior to the Court certifying a collective action to the present ("the Class Members").

4. Defendant's time-keeping and pay practices and policies applied not only to Plaintiff, but also to all of the Class Members. Therefore, Plaintiff brings this suit on behalf of herself and all other similarly situated domestic service employees.

## JURISDICTION AND VENUE

5. This Court has federal question jurisdiction of this action under 28 U.S.C. § 1331 as this case is brought pursuant to the FLSA, 29 U.S.C. § 216(b).

6. Venue is proper in the Western District of Texas – Austin Division under 28 U.S.C. § 1391 because a substantial part of the acts and conduct charged herein occurred in this district and because Defendant is headquartered in this District.

## THE PARTIES

7. Plaintiff lives in the Western District of Texas. Plaintiff was employed by Defendant from approximately December 2017 to September 2021 as a Caregiver. Her written consent is attached hereto as Exhibit 1.

8. The Class Members consist of all current and former hourly paid Caregivers who worked for Defendant for any work week during the period of three years prior to the Court certifying a collective action to the present.

9. Western Care, Inc. d/b/a Amada Senior Care Austin is a Texas corporation that may be served with process through its registered agent for service: Northwest Registered Agent, LLC,

5900 Balcones Drive, Suite 100, Austin, Texas 78731.

## FLSA COVERAGE

10. At all times relevant to this dispute, Defendant has been an enterprise within the meaning of the FLSA. 29 U.S.C. § 203(r).

11. At all times relevant to this dispute, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA. 29 U.S.C. § 203(s)(1).

12. At all times relevant to this dispute, Defendant has had gross annual sales at or in excess of $500,000.

13. At all times relevant to this dispute, Plaintiff and the Class Members were employees engaged in commerce or the production of goods for commerce as required by 29 U.S.C. § 207.

14. At all material times, Defendant has been an enterprise in commerce within the meaning of Section 203(s)(1)(B) of the FLSA, because Defendant is engaged in the operation of an institution primarily engaged in the care of the sick and the aged.

## FACTS

15. Defendant provides home care services to elderly and/or invalid clients.[1] To do that, Defendant employs a class of workers called "Caregivers" who offer assistance to clients with one or more of the following services: bathing, grooming, toileting, transfer/ambulation, exercise regimens, medication administration, feeding, meal preparation, cleaning, laundry, shopping and escort.

16. Plaintiff was hired to work as a Caregiver for Defendant.

17. Plaintiff's primary duties as Caregiver were all performed at the private homes of Defendant's clients. Plaintiff did not live with any of Defendant's clients.

---

[1] https://www.amadaseniorcare.com/austin-senior-care/ (last visited on Feb. 7, 2022).

18. Defendant paid Plaintiff an hourly wage.

19. Defendant paid all of its Caregivers an hourly wage.

20. As a Caregiver, Plaintiff routinely worked more than forty (40) hours per workweek. Specifically, on average, Plaintiff worked 60 hours per week with some variance.

21. Plaintiff and the Class Members were at all times "non-exempt" employees who were paid an hourly wage for all hours worked including hours worked over forty in a workweek, and who were eligible to receive overtime pay pursuant to Section 207 of the FLSA . Despite this fact, Defendant failed to include all remunerations paid to Plaintiff and to the other Class Members for purposes of calculating overtime wages at one and one half times their regular rate of pay for all hoursworked in excess of forty (40) during a workweek.

22. Specifically, Defendant paid Plaintiff and Class Members at the federal minimum wage. When they worked over 40 hours a week (not including a significant number of hours worked per paragraph 23 below), Defendant paid overtime at time and a half based on the federal minimum wage. However, Defendant excluded from the calculation of the regular rate and overtime "bonus" payments made to Plaintiff and Class Members which were actually wages. Indeed, Defendant had agreed to pay Plaintiff at $12 per hour in the beginning of her employment and $12.50 per hour from October 2020 through the end of her employment. In order to "gross up" Plaintiff's hourly rate from the federal minimum wage to the agreed regular hourly rate, Defendant paid Plaintiff a "bonus". For example, on the pay period beginning on 10/18/2020 through 10/31/2020, Defendant paid Plaintiff 80 hours at $7.25 and 22.67 hours at $10.88. Defendant also paid Plaintiff a "bonus" of $456.84, for a total of $1,283.38. Thus, the effective hourly for the pay period was $12.50 for the 102.67 hours worked. As such, Defendant's "bonus" is actually a wage and should have been included in the calculation of the hourly rate and overtime.

23. In addition, Plaintiff and the Class Members were not paid for *all* of the hours they worked each day as a direct result of Defendant's time-keeping and wage policies. Specifically, Defendant's time-keeping and wage policies paid Caregivers only for the time they spent at a client's home. Defendant's policies did not pay Caregivers for the time spent driving between clients' homes. Nor did Defendant's policies pay Caregivers for the time spent driving to Defendant's office in order to sign forms and fill out documentation, pick up client acknowledgment forms, etc.

24. Defendant had one time-keeping and one wage policy that applied to all Caregivers. Defendant's time-keeping policies failed to keep track of the time that Plaintiff and the Class Members spent driving between their clients' homes and Defendant's wage policy failed to pay the Caregivers for this time. On average, it took Plaintiff anywhere from 30 minutes to 1 hour to drive between her clients' homes depending on the schedule, traffic conditions, and the clients to be seen that day. Generally, however, that amounted to an average of about 45 minutes per day in unpaid time for Plaintiff.

25. Defendant's failure to pay Plaintiff and the Class Members for all hours worked violates the minimum and overtime wage provisions of the FLSA.

### COLLECTIVE ACTION ALLEGATIONS

26. Plaintiff brings this suit as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of herself and all other hourly paid employees who worked for Defendant as a Caregiver at any time three years prior to the Court certifying a collective action to the present ("the Class Members").

27. Defendant records time for, and pays hourly wages to all of its Caregivers in same manner described above. Moreover, Defendant's time-keeping and wage policies are the same for all of its Caregivers. In this regard, Defendant maintains a "common pay practice or policy" and the

Class Members are similarly situated to Plaintiff.

28. Defendant's domestic service employees ("Caregivers") all perform the same essential job functions and duties notwithstanding the fact that one employee might have more tenure, experience, receive a different hourly wage, or require less supervision than another employee in the same or similar position. In this regard, the Class Members are similarly situated to Plaintiff.

29. Although the exact amount of damages may vary among individual Class Members, the damages for each individual can easily be calculated using the same methodology and formula.

30. Defendant possesses the names and addresses of all Class Members in its records. Plaintiff does not. The Class Members should be allowed to receive notice about this lawsuit and given an opportunity to join. Like Plaintiff, these similarly situated workers are entitled to recover their unpaid minimum and overtime wages, liquidated damages, attorneys' fees, and other damages. Therefore, notice is appropriately sent to the following class:

> **"All hourly paid domestic care workers (a/k/a "Caregivers") who worked for Defendant at any time three years prior to the Court certifying a collective action to the present."**

**FLSA CAUSES OF ACTION – UNPAID MINIMUM WAGE & OVERTIME WAGES**

31. Plaintiff incorporates the allegations in the preceding paragraphs.

32. Defendant failed to pay Plaintiff and the Class Members appropriate minimum and overtime wages for all of the hours worked each week as required by the FLSA.

33. Plaintiff and the Class Members are entitled to overtime wages for all hours worked in excess of forty (40) in a workweek calculated at one and one half times their regular rate of pay, an amount equal to all of their unpaid wages as liquidated damages, as well as their reasonable and necessary attorneys' fees and costs of this action. 29 U.S.C. § 216(b).

## JURY DEMAND

34. Plaintiff hereby demands a trial by jury.

## PRAYER

Plaintiff respectfully requests that judgment be entered against awarding her and all similarly situated employees:

    a.    Minimum and overtime wage compensation for *all* hours worked;

    b.    An equal amount as liquidated damages;

    c.    Reasonable and necessary attorneys' fees, costs, and expenses of this action; and

    d.    Such other and further relief as may be required by law.

Respectfully submitted,

By: /s/ *Ricardo J. Prieto*
Ricardo J. Prieto
Texas Bar No. 24062947
rprieto@eeoc.net
Melinda Arbuckle
Texas Bar No. 24080773
marbuckle@eeoc.net
**SHELLIST LAZARZ SLOBIN LLP**
11 Greenway Plaza, Suite 1515
Houston, TX 77046
(713) 621-2277 – Telephone
(713) 621-0993 – Facsimile

**ATTORNEYS FOR PLAINTIFF
AND PUTATIVE COLLECTIVE
ACTION MEMBERS**